ISAAC W. COLES v. THE MIDLAND TELEPHONE AND TELEGRAPH COMPANY.

Submitted November 29, 1901—Decided February 24, 1902.

1. The act of March 19th, 1900 (*Pamph. L., p.* 74), amending section 8 of the Telegraph Companies' act of April 9th, 1875 (*Gen. Stat., p.* 3457), does not impair the power granted by the act of March 11th, 1880 (*Pamph. L., p.* 201), to acquire by condemnation the right to use public roads for poles and wires, in cases where the owner of the soil refuses to consent to such use.

2. The act of March 20th, 1900 (*Pamph. L., p.* 79), designates the procedure to be followed in such condemnation.
3. In such procedure the petition need not be authenticated by the corporate seal; nor need an effort be made to obtain the consent of a mortgagee of the soil, when the owner refuses to consent.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Edward A. Armstrong.*

For the defendant, *David J. Pancoast.*

The opinion of the court was delivered by

DIXON, J.   The Midland Telephone and Telegraph Company having presented to one of the justices of this court a petition for the appointment of commissioners to fix the compensation to be paid the prosecutor and his mortgagee for the right to construct, maintain and operate a telegraph and telephone line along the southeasterly side of the Haddonfield and Moorestown road, in Camden county, the fee-simple of which road is owned by the prosecutor, and the justice having accordingly made the appointment, the prosecutor seeks to set aside the proceedings, chiefly because the company has no authority to acquire such a right without consent of the owner of the soil.

The company was incorporated under the Telegraph Companies' act of April 9th, 1875 (*Gen. Stat., p.* 3457), section 8 of which authorized companies formed under it to use public roads for their poles and wires upon first obtaining consent, in writing, of the owner of the soil.   By the second section of a supplement approved March 11th, 1880 (*Pamph. L., p.* 201), and an amendment of this section approved June 20th, 1890 (*Gen. Stat., p.* 3460), such companies were empowered, in case the owner of the soil refused or was unable to consent, to acquire the necessary right by condemnation, through a petition to the Circuit Court of the county in which the road was situate.   An act approved March 19th, 1900 (*Pamph. L.,*

*p.* 74), amended section 8 of the original act of 1875, and, in order to do so constitutionally, the entire section as amended was inserted at length in the new enactment, and hence the clause, that companies organized by virtue of the act might use public roads for their poles and wires upon first obtaining the consent, in writing, of the owner of the soil, was repeated. The prosecutor contends that the legal effect of this re-enactment of the clause is to repeal the power of condemnation granted by the acts of 1880 and 1890.

We think otherwise. There is no inconsistency between these provisions. Both are proper to give public consent to the use of the public roads; and one provides for supplementing this by the consent of the owner of the soil, the other for supplementing it by making compensation to an owner who will not or cannot consent. Both can stand, and therefore the repeal of either will not be implied. Moreover, when the legislature, in amending a section of an existing statute, repeats, in obedience to the constitution, the provisions which are not changed, it does not thereby re-enact those provisions so as to give them a new force. *McLaughlin* v. *Newark,* 28 *Vroom* 298; *S. C.,* 29 *Id.* 202.

The next pertinent statute is "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use," approved March 20th, 1900. *Pamph. L., p.* 79. This neither confers nor withdraws the power of eminent domain, but merely regulates the procedure in its exercise. By force of it a petition for the condemnation of a right must be presented to a justice of this court, instead of the Circuit Court, as the act of 1880 had required. In conformity with this act the present proceedings were instituted.

Regarding the other objection made by the prosecutor, we think that the law does not require the petition to be authenticated by the corporate seal. The oath of the agent of the company is the statutory verification.

We are also of opinion that the averments of the present petition sufficiently show "that the proper officers of the corporation have determined to acquire" the right which it is

the object of the petition to secure. Verbal conformity is not essential. Nor was it necessary to make any effort to obtain the consent of the mortgagee, when the owner had refused.

The objections made are overruled, and the proceedings under review affirmed, with costs.